1  SCOTT N. SCHOOLS (SC 9990)
   United States Attorney
2
   BRIAN J. STRETCH (CASBN 163973)
3  Chief, Criminal Division

4  BRYAN R. WHITTAKER (TX 24047097)
   Special Assistant United States Attorney
5
        1301 Clay Street, Suite 340S
6       Oakland, California 94612
        Telephone: (510) 637-3680
7       Facsimile: (510) 637-3724
        E-Mail: bryan.whittaker@usdoj.gov
8
9  Attorneys for Plaintiff

10
                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12
                           OAKLAND DIVISION
13

14  UNITED STATES OF AMERICA,           )   No. CR-07-00629 MJJ
                                        )
15      Plaintiff,                      )
                                        )
16      v.                              )
                                        )   PLEA AGREEMENT
17  ABLE FLORES-TORRES,                 )
                                        )
18      Defendant.                      )
                                        )
19  _____

20      I, Able Flores-Torres, and the United States Attorney's Office for the Northern District of
21  California (hereafter "the government") enter into this written plea agreement (the "Agreement")
22  pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:
23  The Defendant's Promises
24      1.    I agree to plead guilty to the captioned indictment charging me with one count of
25  illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326. I
26  agree that the elements of the offense are as follows: (1) the defendant was an alien at the time of
27  entry into the United States; (2) the defendant was deported from the United States; (3) after
28  deportation, the defendant voluntarily entered the United States; (4) when the defendant entered

*U.S. v. Flores-Torres*, CR-07-00629 MJJ
PLEA AGREEMENT

the United States he knew that he was entering the United States; and (5) the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States. I agree that the maximum penalties are as follows:

| | | | |
|---|---|---|---|
| a. | Maximum prison sentence | | 20 years |
| b. | Maximum fine | | $250,000 |
| c. | Maximum supervised release term | | 3 years |
| d. | Mandatory special assessment | | $100 |
| e. | Restitution | | None |
| f. | Deportation | | |

2.   I agree that I am guilty of the offense to which I will plead guilty, and I agree that the following facts are true: I am a citizen of Mexico and am not, nor have I ever been, a citizen of the United States. On or about June 4, 1987, September 26, 2002, October 8, 2002, May 16, 2005, August 31, 2005, and September 23, 2005, I was deported from the United States to Mexico. I knowingly and voluntarily reentered the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security, to reapply for admission to the United States. On or about September 5, 2007, I was found in the United States in the Northern District of California. I was an alien at the time of my reentry into the United States.

3.   I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government; and to pursue any affirmative defenses and present evidence. I also agree to waive venue, if necessary, based on the charges filed in this case.

4.   I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution.

5. I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated.

6. I agree not to ask the Court to withdraw my guilty plea at any time after it is entered, unless the Court declines to accept the sentence agreed to by the parties. I agree that the government may withdraw from this Agreement if the Court does not accept the agreed upon sentence set out below. I agree that if the Court does not accept the agreed upon sentence set out below, the statute of limitations shall be tolled from the date I signed the plea agreement until the date the Court does not accept the plea agreement.

7. I agree that my sentence should be calculated pursuant to the Sentencing Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I also agree that the Sentencing Guidelines range will be calculated as follows and that I will not ask for any other adjustment to or reduction in the offense level or for a downward departure from the Guidelines range:

    a. Base Offense Level, U.S.S.G. § 2L1.2(a):     8

    b. Specific offense characteristics:     4
        (U.S.S.G. § 2L1.2(b)(1)(D))

    c. Early disposition program:     -4
        (U.S.S.G. § 5K3.1)

    d. Acceptance of responsibility:     <u>-2</u>
        (If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a two-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing.)

    e. Adjusted offense level     6

The parties have reached no agreement regarding the applicable criminal history category.

8. I agree that a reasonable and appropriate disposition of this case is as follows:

  a. a sentence of imprisonment at the low end of the Guidelines range for adjusted offense level 6 and the applicable criminal history category as determined by the Court;

  b. a mandatory special assessment of $100; and

  c. three years of supervised release with conditions of supervised release to be established by the Court, with one condition being that I may not reenter the United States illegally during my term of supervised release.

 9. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release (if any); not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; and not to fail to comply with any of the other promises I have made in this Agreement. I agree that, if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this Agreement, including those set forth in paragraphs 12 through 14 below, but I will not be released from my guilty plea.

 10. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future.

 11. I agree that this Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

 12. The government agrees to move to dismiss any open charges pending against the defendant in the captioned indictment at the time of sentencing.

 13. The government agrees not to file any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned indictment.

 14. The government agrees that the reasonable and appropriate sentence in this case should be as set forth in paragraph 8 above, unless the defendant violates the Agreement as set forth in paragraphs 8 through 9 above or fails to accept responsibility.

The Defendant's Affirmations

15. I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney, and that he has provided me with all the legal advice that I requested.

16. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

17. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

18. I confirm that I read this entire plea agreement with the assistance of an interpreter and in the presence of my attorney.

Dated: October __, 2007

ABLE FLORES-TORRES
Defendant

SCOTT N. SCHOOLS
United States Attorney

Dated: October __, 2007

BRYAN R. WHITTAKER
Special Assistant United States Attorney

I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all the rights he is giving up by pleading guilty, and, based on the information now known to me, his decision to plead guilty is knowing and voluntary.

Dated: October __, 2007

JOHN PAUL REICHMUTH
Attorney for Defendant

*U.S. v. Flores-Torres*, CR-07-00629 MJJ
PLEA AGREEMENT                                5

### INTERPRETER CERTIFICATION

I, _____, hereby certify that I am a certified Spanish interpreter and that I accurately translated this plea agreement to the defendant, he told me that he understood it, and I believe his answer was true and correct.

Dated: October ___, 2007

_____
Interpreter's signature



*U.S. v. Flores-Torres*, CR-07-00629 MJJ
PLEA AGREEMENT                    6